STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:10-cv-0691 |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| ECOLOGICAL INTERNET, INC., a Wisconsin non-stock corporation, | |
| Defendant. | |

Righthaven LLC ("Righthaven") complains as follows against Ecological Internet, Inc. ("Ecological Internet"), a Wisconsin non-stock corporation, on information and belief:

### NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

### PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

1

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Ecological Internet is, and has been at all times relevant to this lawsuit, the owner of the Internet domain found at <forests.org> (the "Forest Domain").

5. Ecological Internet is, and has been at all times relevant to this lawsuit, the owner of the Internet domain found at <ecoearth.info> (the "EcoEarth Domain"; collectively with the Forest Domain known herein as the "Domains").

## JURISDICTION

6. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

7. Ecological Internet purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

8. Righthaven is the copyright owner of the literary work entitled "National monuments memo cited" (the "Work"), attached hereto as Exhibit 1.

9. Ecological Internet copied, on an unauthorized basis, the Work from a source emanating from Nevada.

10. On or about February 17, 2010, Ecological Internet displayed and continues to display an unauthorized reproduction of the Work ( the "First Infringement"), attached hereto as Exhibit 2, on www.forests.org, a website accessible through the Forest Domain (the content accessible through the Forest Domain and the Forest Domain itself, collectively known herein as the "Forest Website").

11. Ecological Internet's display of the First Infringement at the Forest Website was and is purposefully directed at Nevada residents.

12. On or about February 17, 2010, Ecological Internet displayed and continues to display an unauthorized reproduction of the Work ( the "Second Infringement"), attached hereto as Exhibit 3, on www.ecoearth.info, a website accessible through the EcoEarth Domain (the

content accessible through the EcoEarth Domain and the EcoEarth Domain itself, collectively known herein as the "EcoEarth Website").

13. Ecological Internet's display of the Second Infringement at the EcoEarth Website was and is purposefully directed at Nevada residents.

14. Ecological Internet purposefully directs and effectuates the unauthorized reproduction of Righthaven-owned copyrighted works at both the Forest Website and the EcoEarth Website.

15. Ecological Internet's unauthorized reproduction of Righthaven-owned copyrighted works found on both the Forest Website and the EcoEarth Website are purposefully targeted to Nevada residents.

16. Ecological Internet's contacts with Nevada are systematic and continuous because Ecological Internet regularly reproduced and reproduces, on both the Forest Website and the EcoEarth Website, content originally published in Nevada based newspapers and periodicals.

17. Ecological Internet's contacts with Nevada are systematic and continuous because Ecological Internet publishes and republishes content relating to Nevada and environmental issues concerning Nevada, on both the Forest Website and the EcoEarth Website.

## VENUE

18. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

19. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(c), because Ecological Internet is subject to personal jurisdiction in Nevada.

**FACTS**

20. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

21. Righthaven is the copyright owner of the Work.

22. The Work was originally published on February 17, 2010.

23. On April 21, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007130503 (the "Registration"), and attached hereto as Exhibit 4 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

24. As of May 12, 2010, Ecological Internet owns the Forest Website.

25. As of May 12, 2010, Ecological Internet or an Ecological Internet agent is identified as the registrant, administrator, and technical contact for the Forest Website.

26. At all times relevant, Ecological Internet or an Ecological Internet agent, have and had maintained the administrative duties to add to, delete from and arrange content on the Forest Website.

27. No later than February 17, 2010, Ecological Internet reproduced an unauthorized copy of the Work on the Forest Website.

28. No later than February 17, 2010, Ecological Internet displayed the First Infringement on the Forest Website.

29. As of May 12, 2010, Ecological Internet continues to display the First Infringement on the Forest Website.

30. As of May 12, 2010, Ecological Internet owns the EcoEarth Website.

31. As of May 12, 2010, Ecological Internet or an Ecological Internet agent is identified as the registrant, administrator, and technical contact for the EcoEarth Website.

32. At all times relevant, Ecological Internet or an Ecological Internet agent, have and had maintained the administrative duties to add to, delete from and arrange content on the EcoEarth Website.

33. No later than February 17, 2010, Ecological Internet reproduced an unauthorized copy of the Work on the EcoEarth Website.

34. No later than February 17, 2010, Ecological Internet displayed the Second Infringement on the EcoEarth Website.

35. As of May 12, 2010, Ecological Internet continues to display the Second Infringement on the EcoEarth Website.

36. Ecological Internet did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

37. Ecological Internet was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

38. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 37 above.

39. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

40. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

41. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

42. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

43. Ecological Internet reproduced the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

44. Ecological Internet created unauthorized derivatives of the Work, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

45. Ecological Internet distributed and distributes unauthorized reproductions of the Work, via both the Forest Website and the EcoEarth Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

46. Ecological Internet publicly displayed and continues to display an unauthorized reproduction of the Work at both the Forest Website and the EcoEarth Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

47. Ecological Internet has willfully engaged in the copyright infringement of the Work.

48. Ecological Internet's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

49. Unless Ecological Internet is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Ecological Internet of the Work, pursuant to 17 U.S.C. §502.

**PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Ecological Internet, and Ecological Internet's officers, agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under Ecological Internet, from directly or indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

2. Direct Ecological Internet to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

a. All evidence and documentation relating in any way to Ecological Internet's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to both the Forest Website and the EcoEarth Website;

b. All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Ecological Internet has communicated regarding Ecological Internet's use of the Work; and

c. All financial evidence and documentation relating to Ecological Internet's use of the Work;

3. Direct Network Solutions, LLC, and any successor domain name registrar for the Domains to lock the Domains and transfer control of the Domains to Righthaven;

4. Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

5. Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

6. Grant Righthaven such other relief as this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this thirteenth day of May, 2010.

RIGHTHAVEN LLC

By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff